**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10343 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00162-GMN |
| v. | |
| SHANNON KANE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted April 11, 2018[**]

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Shannon Kane appeals from the district court's judgment and challenges the

14-month sentence imposed upon revocation of supervised release.   We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Kane contends that the district court procedurally erred by failing to explain

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the sentence adequately and relying on the erroneous finding that Kane trafficked methamphetamine. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court explicitly addressed Kane's argument concerning his "people pleasing" behavior and adequately explained why a high-end sentence was warranted. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Furthermore, the district court did not find that Kane had trafficked methamphetamine. Instead, the court observed that Kane had chosen to accommodate someone who wanted him to traffic methamphetamine, a finding that was supported by the record.

Kane also contends that his sentence is substantively unreasonable in light of mitigating circumstances in this case. The district court did not abuse its discretion in imposing Kane's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including the nature of Kane's violations. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

17-10343